Alisa M. Morgenthaler (State Bar No. 146940)
MORGENTHALER LAW GROUP
11620 Wilshire Boulevard, 9th Floor
Los Angeles, CA 90025
Telephone: (310) 582-5903
Facsimile:  (424) 273-6251
E-mail: amorgenthaler.atty@gmail.com

Attorney for Defendant LOIS O'BRIEN, individually and as Trustee of THE LOIS M. O'BRIEN, M.D. TRUST DATED APRIL 7, 2008

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY EXLEY, CHARLES EXLEY and JULIANA LOZA as CO-TRUSTEES of and for the benefit of THE ATHENA MEDICAL GROUP DEFINED BENEFIT PENSION PLAN AND TRUST, THE ATHENA MEDICAL GROUP, INC. DEFINED CONTRIBUTION PENSION PLAN AND TRUST and THE ATHENA MEDICAL GROUP, INC. MONEY PURCHASE PLAN AND TRUST; ATHENA MEDICAL GROUP, INC., a California Corporation; and ATHENA MEDICAL GROUP, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LOIS MARGARET O'BRIEN; and LOIS MARGARET O'BRIEN as TRUSTEE of the LOIS M. O'BRIEN, M.D. TRUST; SIGNATURE ESTATE & INVESTMENT ADVISORS, LLC; GENWORTH LIFE AND ANNUITY INSURANCE COMPANY; AND CHARLES SCHWAB & COMPANY, INC.,<br><br>Defendants. | CASE No. CV13-07569-BRO-MRW<br><br>[Judge Beverly Reid O'Connor]<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT; DECLARATION OF ALISA M. MORGENTHALER**<br><br>[Filed concurrently with Notice of Motion and Motion to Dismiss First Amended Complaint]<br><br>Date:  March 9, 2015<br>Time:  1:30 p.m.<br>Ctrm:  14<br><br>Complaint filed:   October 11, 2013 |

0
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
DECLARATION OF ALISA M. MORGENTHALER

# REQUEST FOR JUDICIAL NOTICE

Defendants LOIS O'BRIEN, individually and as Trustee of THE LOIS M. O'BRIEN, M.D. TRUST DATED APRIL 7, 2008 (collectively, "O'Brien" or "Defendant") hereby requests that the Court take judicial notice of the following documents attached hereto at Exhibits "1"-"18."

. This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below.  This request is made in connection with O'Brien's motion to dismiss the First Amended Complaint ("FAC") filed by the following plaintiffs: (i) The Athena Medical Group, Inc. Retirement Trust, an ERISA Qualified Pension Plan, and Juliana Loza ("Loza") its Fiduciary and Administrator; (ii) Juliana Loza, co-Trustee of the Fiduciary and Administration Committee of and for the Benefit of Athena Medical Group, Inc., Defined Benefit Pension Plan and Trust, the Athena Medical Group, Inc. Defined Contribution Pension Plan and Trust and the Athena Medical Group, Inc. Money Purchase Plan and Trust; (iii) Athena Medical Group, Inc., a Nevada Corporation; and (iv) Athena-NV, successor in interest of the Athena Medical Group, Inc., a suspended California Corporation ("Plaintiffs").  (The Athena Medical Group, Inc., Defined Benefit Pension Plan and Trust, the Athena Medical Group, Inc. Defined Contribution Pension Plan and Trust and the Athena Medical Group, Inc. Money Purchase Plan and Trust are collectively referred to herein as the "Athena Pension Plans").

1. Order Granting Petitioner's Motion to Remand Dissolution Action and Palimony Action, issued by Judge Margaret M. Morrow of the U.S. District Court for the Central District of California on July 15, 2013.

2. Petition for Dissolution filed by O'Brien in O'Brien v. Exley, LASC Case No. BD468094, on June 21, 2007 (the "Dissolution Action").

3. Complaint in Exley v. O'Brien, LASC Case No. BC423736, filed by Ray Exley on October 14, 2009 (the "Palimony Action").

4.      Summons (Joinders) and Requests for Joinders of Employee Benefit Plans and Orders filed by Athena Medical Group Inc. Defined Benefit Plan and Athena Medical Group, Inc., Defined Contribution Pension Plan on October 20, 2011 in the Dissolution Action and the Palimony Action.

5.      Notice of Appearance and Response filed by Athena Medical Group Inc. Defined Benefit Plan and Athena Medical Group, Inc., Defined Contribution Pension Plan on April 5, 2013 in the Dissolution Action and the Palimony Action.

6.      Minute Order dated November 18, 2013, issued by Judge Mark A. Juhas in the Palimony Action.

7.      Ruling on Submitted Matter issued by Judge Mark A. Juhas on April 8, 2014 in the Dissolution Action.

8.      Ruling on Submitted Matter issued by Judge Mark A. Juhas on July 1, 2014 in the Dissolution Action.

9.      Judgment on Reserved Issues in the Dissolution Action entered by Judge Mark A. Juhas on December 22, 2014.

10.     Complaint filed by the Athena Medical Group, Inc., Defined Benefit Pension Plan, Athena Medical Group, Inc. Defined Contribution Pension Plan and Trustees of Athena Medical Group, Inc. Retirement Trust on June 13, 2014 in Los Angeles Superior Court, Case No. SC122688 (without exhibits).

11.     Summons and Complaint in <u>Exley v. O'Brien</u>, Case No. 14CV0130, filed in Nevada state court on June 13, 2014.

12.     Respondent Ray Exley's Request for Orders Regarding Non-compliance with Disclosure Requirements filed on December 12, 2014 in the Dissolution Action (without exhibits).

13.     Respondent Ray Exley's Supplement to Request For Order Re: Non-Compliance with Family Code Section 2107 Disclosure Requirements filed on January 5, 2015 in the Dissolution Action.

14. Minute Order dated January 14, 2015, issued by Judge Shelley Kaufman in the Dissolution Action.

15. Respondent Ray Exley's Request for Order to Set Aside Judgment for Non-compliance with Family Code Section 2107 Disclosures filed on January 26, 2015 (without exhibits).

16. Certificate of Status of Athena Medical Group, Inc. issued by the California Secretary of State on October 6, 2011.

17. Bylaws of Athena Medical Group, Inc. adopted on June 6, 1978.

18. Trust Agreement Pursuant to Athena Medical Group, Inc. Defined Contribution Pension Plan dated March 10, 1986.

## BASIS FOR REQUESTING JUDICIAL NOTICE

On a motion of dismiss, a court may take judicial notice of matters of public record in accordance with Federal Rules of Evidence 201 without converting a motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-690 (9th Cir. 2001), citing *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Federal Rules of Evidence 201 further provides that a court can take judicial notice of documents outside of the complaint that are "generally known within the trial court's jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1), (b)(2).

Ninth Circuit precedent establishes that it is proper for this Court to take judicial notice of the proceedings of other state and federal courts. *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169 (10th Cir. 1979)) ("[W]e 'may take notice of proceedings in other courts both within and without the federal judicial system, if those proceedings have a direct relation to

3
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
DECLARATION OF ALISA M. MORGENTHALER

matters at issue").

Documents not attached to a complaint may be considered by the court on a motion to dismiss if "(1) the complaint **refers** to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document."  United States v. Corinthian Colleges, 655 F.3d 984, 989 (9th Cir. 2011) citing, Marder v. Lopez, 450 F. 3d 445, 448 (9th Cir. 2006) (emphasis added).   If the plaintiff fails to attach to the complaint the documents on which it is based, a defendant may attach to a motion to dismiss the documents referred to in the complaint to show that such documents do not support plaintiff's claim.  Branch v. Tunnel, 14 F. 3d 449, 453-454, overruled on other grounds, Galbraith v. County of Santa Clara,  307 F.3d 1119, 1127 (9th Cir. 1994).  Documents whose **contents are alleged** in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered on a motion to dismiss.  Id. See also Lee, supra, 250 F. 3d at 688-689 (documents outside a complaint may be considered on a motion to dismiss "if the documents' 'authenticity … is not contested'   and 'the plaintiff's complaint necessarily **relies**' on them") (emphasis added); Wietschner v. Monterey Pasta Co., 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (" documents crucia**l** to the plaintiff's claims but not explicitly incorporated in a complaint can be noticed [on a motion to dismiss] in order to prevent a plaintiff from surviving [such motion] by deliberately omitting references to documents upon which their claims are based").

As explained below, the Court may take judicial notice of Exhibits "1"-"18" based on the foregoing.

*Exhibits 1-15*:  The Court can take judicial notice of each of these documents because they consist of pleadings from a state or federal court and are public records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

*Exhibit 16*: The Court can take judicial notice of this document because it is a public record of the California Secretary of State and "can be accurately and readily determined from [a] source whose accuracy cannot reasonably be questioned."

*Exhibits 17 and 18*: The Court can take judicial notice of Exhibit 17, the Bylaw of Athena Medical Group, Inc., a suspended California corporation (the "Bylaws"), and Exhibit 18, the 1986 Trust Agreement for the Athena Pension Plans which are the subject of this action, because the FAC refers specifically to each of these documents, relies on them to support its claims and alleges their contents. In particular, the FAC refers to, relies on and sets forth specific allegations regarding the meaning of the Bylaws in ¶¶ 39 and 44, and the FAC refers to, relies on and sets forth specific allegations regarding the import and effect of the 1986 Trust Agreement for the Athena Pension Plans in ¶¶ 82,127 and 169. Furthermore, there is no basis for questioning the authenticity of these documents.

DATED: February 5, 2015         ALISA M. MORGENTHALER
                                MORGENTHALER LAW GROUP

                        By:     */s/* Alisa M. Morgenthaler
                                ALISA M. MORGENTHALER
                                Attorney for Defendant LOIS O'BRIEN,
                                individually and as Trustee of THE LOIS
                                M. O'BRIEN, M.D. TRUST DATED
                                APRIL 7, 2008

## DECLARATION OF ALISA M. MORGENTHALER

I, Alisa M. Morgenthaler, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and am counsel for defendants LOIS O'BRIEN, individually and as Trustee of THE LOIS M. O'BRIEN, M.D. TRUST DATED APRIL 7, 2008 (collectively, "O'Brien" or "Defendant"). I submit this declaration in support of O'Brien's motion to dismiss the First Amended Complaint ("FAC") filed by the following plaintiffs: (i) The Athena Medical Group, Inc. Retirement Trust, an ERISA Qualified Pension Plan, and Juliana Loza ("Loza") its Fiduciary and Administrator; (ii) Juliana Loza, co-Trustee of the Fiduciary and Administration Committee of and for the Benefit of Athena Medical Group, Inc., Defined Benefit Pension Plan and Trust, the Athena Medical Group, Inc. Defined Contribution Pension Plan and Trust and the Athena Medical Group, Inc. Money Purchase Plan and Trust; (iii) Athena Medical Group, Inc., a Nevada Corporation; and (iv) Athena-NV, successor in interest of the Athena Medical Group, Inc., a suspended California Corporation ("Plaintiffs").  (The Athena Medical Group, Inc., Defined Benefit Pension Plan and Trust, the Athena Medical Group, Inc. Defined Contribution Pension Plan and Trust and the Athena Medical Group, Inc. Money Purchase Plan and Trust are collectively referred to herein as the "Athena Pension Plans").  I have personal knowledge of the matters set forth in this declaration, and, if called upon to testify, I could and would competently testify thereto.

2. Attached hereto as Exhibit "1" is a true and correct copy of the Order Granting Petitioner's Motion to Remand the Dissolution Action and Palimony Action, issued by Judge Margaret M. Morrow of the U.S. District Court for the Central District of California on July 15, 2013.

3. Attached hereto as Exhibit "2" is a true and correct copy of the Petition for Dissolution filed by O'Brien in O'Brien v. Exley, LASC Case No. BD468094,

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
DECLARATION OF ALISA M. MORGENTHALER

on June 21, 2007 (the "Dissolution Action")

4. Attached hereto as Exhibit "3" is a true and correct copy of the Complaint in <u>Exley v. O'Brien</u>, LASC Case No. BC423736, filed by Ray Exley on October 14, 2009 (the "Palimony Action").

5. Attached hereto as Exhibit "4" is a true and correct copy of the Summons (Joinders) and Requests for Joinders of Employee Benefit Plans and Orders filed by Athena Medical Group Inc. Defined Benefit Plan and Athena Medical Group, Inc., Defined Contribution Pension Plan on October 20, 2011 in the Dissolution Action and the Palimony Action.

6. Attached hereto as Exhibit "5" is a true and correct copy of the Notice of Appearance and Response filed by Athena Medical Group Inc. Defined Benefit Plan and Athena Medical Group, Inc., Defined Contribution Pension Plan on April 5, 2013 in the Dissolution Action and the Palimony Action.

7. Attached hereto as Exhibit "6" is a true and correct copy of the Minute Order dated November 18, 2013, issued by Judge Mark A. Juhas in the Palimony Action.

8. Attached hereto as Exhibit "7" is a true and correct copy of the Ruling on Submitted Matter issued by Judge Mark A. Juhas on April 8, 2014 in the Dissolution Action.

9. Attached hereto as Exhibit "8" is a true and correct copy of the Ruling on Submitted Matter issued by Judge Mark A. Juhas on July 1, 2014 in the Dissolution Action.

10. Attached hereto as Exhibit "9" is a true and correct copy of the Judgment on Reserved Issues in the Dissolution Action entered by Judge Mark A. Juhas on December 22, 2014.

11. Attached hereto as Exhibit "10" is a true and correct copy of the Complaint filed by the Athena Medical Group, Inc., Defined Benefit Pension Plan,

Athena Medical Group, Inc. Defined Contribution Pension Plan and Trustees of Athena Medical Group, Inc. Retirement Trust on June 13, 2014 in Los Angeles Superior Court, Case No. SC122688 (without exhibits).

12. Attached hereto as Exhibit "11" is a true and correct copy of the Summons and Complaint in Exley v. O'Brien, Case No. 14CV0130, filed by Ray Exley in Nevada state court on June 13, 2014.

13. Attached hereto as Exhibit "12" is a true and correct copy of Respondent Ray Exley's Request for Orders Regarding Non-compliance with Disclosure Requirements filed on December 12, 2014 in the Dissolution Action (without exhibits).

14. Attached hereto as Exhibit "13" is a true and correct copy of Respondent Ray Exley's Supplement to Request For Order Re: Non Compliance with Family Code Section 2107 Disclosure Requirements filed on January 5, 2015 in the Dissolution Action.

15. Attached hereto as Exhibit "14" is a true and correct copy of the Minute Order dated January 14, 2015, issued by Judge Shelley Kaufman in the Dissolution Action.

16. Attached hereto as Exhibit "15" is a true and correct copy of Respondent Ray Exley's Request for Order to Set Aside Judgment for Non-compliance with Family Code Section 2107 Disclosures filed on January 26, 2015 in the Dissolution Action (without exhibits).

17. Attached hereto as Exhibit "16" is a true and correct copy of the Certificate of Status of Athena Medical Group, Inc. issued by the California Secretary of State on October 6, 2011.

18. Attached hereto as Exhibit "17" is a true and correct copy of the Bylaws of Athena Medical Group, Inc. adopted on June 6, 1978.

19. Attached hereto as Exhibit "18" is a true and correct copy of the Trust Agreement Pursuant to Athena Medical Group, Inc. Defined Contribution Pension Plan dated March 10, 1986.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 5th day of February in Los Angeles, California.

*/s/*Alisa M. Morgenthaler
ALISA M. MORGENTHALER