# EXHIBIT "1"

JS-6

1
2
3
4
5               UNITED STATES DISTRICT COURT
6              CENTRAL DISTRICT OF CALIFORNIA
7

| | |
|---|---|
| IN RE MARRIAGE OF: (Los Angeles Superior Court Case No. BD468094) | CASE NO. CV 13-02552 MMM (PJWx) |
| LOIS O'BRIEN, | ORDER GRANTING PETITIONER'S MOTION TO REMAND |
| Petitioner, | |
| vs. | |
| RAY EXLEY, | |
| Respondent. | |
| ATHENA MEDICAL GROUP INC., DEFINED BENEFIT PENSION PLAN AND TRUST; AND ATHENA MEDICAL GROUP INC., DEFINED CONTRIBUTION PLAN AND TRUST, | |
| Claimants. | |
| RELATED TO: (Los Angeles Superior Court Case No. BC423736) | |
| RAY EXLEY, M.D., an individual, | |
| Plaintiff, | |
| vs. | |
| LOIS O'BRIEN, M.D., an individual, LOIS M. O'BRIEN, M.D., Trustee of the Lois M. O'Brien M.D. Trust dated April 7, 2008; and DOE 1 through 50, inclusive. | |
| Defendants. | |

Petitioner Lois O'Brien's motion to remand concerns marital dissolution proceedings between O'Brien and respondent Ray Exley that were filed in Los Angeles Superior Court. On or about June 21, 2007, O'Brien filed a petition for dissolution of her marriage to Exley.[1] On or about October 14, 2009, Exley commenced an action against O'Brien after he discovered information that allegedly showed O'Brien was claiming and/or had misappropriated funds and property belonging to him.[2] The two proceedings were deemed related to each other by the Los Angeles Superior Court (hereinafter "the Related State Court Actions").[3]

On or about October 20, 2011, Exley filed a request to join Athena Medical Group Inc., Defined Benefit Pension Plan and Athena Medical Group Inc., Defined Contribution Plan (collectively "the Pension Plans") to the Related State Court Actions as "claimant employee benefit plan[s];" this request was granted, and the Pension Plans were added for the purpose of "determining the nature and extent of both [Exley's and O'Brien's] interest in [Exley's] benefits under the plan."[4] On or about April 5, 2013, the Pension Plans filed a Notice of Appearance and Response in the Related State Court Actions, in which they alleged breach of fiduciary duty claims under Employee Retirement Income Security Act ("ERISA") against O'Brien.[5] The Pension Plans then removed the Related State Court Actions to this court on April 10, 2013, asserting that the federal court has exclusive jurisdiction to hear their claims under ERISA, 29 U.S.C. § 1332(e)(1).[6] On April 25, 2013, O'Brien filed a motion to remand for lack of subject matter

---

[1] *O'Brien v. Exley*, Los Angeles Superior Court Case No. BD468094 (June 21, 2007); see also Notice of Removal ("Removal"), Docket No. 1 (Apr. 10, 2013), ¶ 1.

[2] *Exley v. O'Brien*, Los Angeles Superior Court Case No. BC423736 (Oct. 14, 2009); see also Removal, ¶ 2; Opposition at 5.

[3] Removal, ¶ 3.

[4] *Id.*, ¶ 4, 5; Exh. 1, 2 (Joinder).

[5] *Id.*, ¶ 7, Exh. 3 ("Claimant's Notice of Appearance").

[6] *Id.*, ¶ 8. Exley joined in the Plans' notice of removal. (See Joinder, Docket No. 2 (Apr. 10, 2013).)

jurisdiction.[7] The Pension Plans opposed the motion on June 17, 2013.[8]

## I. FACTUAL BACKGROUND

Exley is a licensed medical doctor and cardiac anesthesiologist.[9] In or about June 1987, Exley formed Athena Medical Group, Inc. ("Athena") to manage and operate his anesthesiology practice.[10] Exley then contracted with Pension Architects, a certified ERISA plan administrator, to form the Pension Plans.[11] Prior to initiation of the dissolution proceedings, Exley named himself and O'Brien, who was also a medical doctor, as co-trustees of the Pension Plans.[12] Although O'Brien did not personally contribute to the Pension Plans, Exley made significant contributions to the plans on her behalf.[13] In addition, Exley purchased valuable assets[14] by and through the Pension Plans; the assets remain the property of the Pension Plans today.[15]

After Exley and O'Brien's separation, issues regarding distribution of their accumulated

---

[7] Notice of Motion and Motion to Remand ("Motion"), Docket No. 8 (Apr. 25, 2013). See also Reply to Claimant's Opposition to Motion to Remand ("Reply"), Docket No. 14 (June 24, 2013).

[8] Claimant's Opposition to Motion to Remand ("Opposition"), Docket No. 12 (June 17, 2013), at 3.

[9] Claimaint's Notice of Appearance, ¶ 7.

[10] Id.

[11] Opposition at 3.

[12] Id.

[13] Id.

[14] These included investments in artworks; whole life insurance policies; interests in real estate partnerships; precious metals; interest from loans to beneficiaries; and bank certificates of deposit. On or about December 31, 1990, the Pension Plans had cash and liquid assets valued at a minimum of $2,050,000. (Claimant's Notice of Appearance, ¶ 14.)

[15] Opposition at 4. Although Athena ceased active business and was suspended on or about October 1, 1992, the status of the Pension Plans was not adversely affected and the plans survive to this date as separate legal entities.

3

assets arose.[16] O'Brien allegedly ordered appraisals of artworks purchased by the Pension Plans to support a claim that Lois O'Brien M.D. was the sole and separate owner of the Pension Plans' art collection.[17] In addition, she allegedly claimed sole ownership of all investments funded by the Pension Plans.[18] In response to these claims, the Pension Plans asserted ERISA breach of fiduciary duty claims against O'Brien. Based on those claims, they removed the entire dissolution proceeding to this court,[19] arguing that the ERISA claims give rise to federal subject matter jurisdiction under 28 U.S.C. § 1331.

## II. DISCUSSION

### A. Legal Standard Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [however,] the case shall be remanded." 28 U.S.C. § 1447(c).

A suit may be removed to federal court under § 1441(a) only if it could have been filed here originally. See *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" *Sullivan v. First Affiliated Sec.*,

---

[16]*Id.*

[17]*Id.* at 5.

[18]*Id.*

[19]*Id.* at 6.

4

1  *Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331). Generally, a claim "arises under" federal law only if a federal question appears on the face of plaintiff's complaint. Thus, removal jurisdiction is lacking even if defendant asserts a defense or counterclaim based exclusively on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The party who brings the suit is master to decide what law he will rely upon"); *Constr. Laborers Vacation Trust*, 463 U.S. at 27-28 ("federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"); *id.* at 10 ("a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law" (emphasis added)).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### 1. Whether the Pension Plans are "Defendants" for Removal Purposes

The Pension Plans argue that their ERISA breach of fiduciary duty claims give rise to federal question jurisdiction such that removal is proper. To determine if removal was proper, the court must examine, as a threshold matter, the Pension Plans' status as a party to the dissolution proceeding. Under the removal statute, only a defendant may to remove an action to federal court. 28 U.S.C. § 1441(a). Both parties acknowledge that the status of the Pension Plans as a party to the dissolution proceeding is unclear.[20] The Los Angeles Superior Court required

---

[20] Motion at 9; Opposition at 10.

5

that the Pension Plans be joined in the dissolution action filed by O'Brien against Exley.[21] The Pension Plans were joined as a "claimant" for the sole purpose of facilitating the distribution of marital property in the dissolution proceeding.[22] When responding to the joinder summons, however, the Pension Plans asserted affirmative claims against O'Brien under ERISA.[23]

However the court characterizes the status of the Pension Plans in the dissolution proceedings, they do not have standing to remove. It is clear that the Pension Plans are not plaintiffs in the dissolution proceeding.[24] They did not commence an action against O'Brien in state court, but asserted claims against her in response to a notice of compulsory joinder. Cf. *General Motors Corp. v. Gunn*, 752 F. Supp. 729, 731 (N.D. Miss. 1990) (noting that the Supreme Court employs a "functional test" for determining parties' status pursuant to which "[t]he plaintiff . . . is the party whose intent to achieve a particular result, such as the recovery of property or money, is the 'mainspring of the proceedings,' and who is responsible for the continued existence of the action," quoting *Estate of Spragins v. Citizens Nat'l Bank of Evansville*, 563 F. Supp. 424, 425-26 (N.D. Miss. 1983)). Even were the court to characterize the Pension Plans as plaintiffs because they asserted ERISA claims against O'Brien and are not defending claims against them, however, they would have no right to seek removal under § 1441(a), because plaintiffs – even if compulsorily joined – are not entitled to remove actions that they themselves have commenced in state court. The Pension Plans could simply have filed their breach of fiduciary duty claim in a separate action in federal court in the first instance, but chose not to.

---

[21] Opposition at 5; Exh. 1 at 23 (Reporter's Transcript of Martial Dissolution Proceedings Sept. 21, 2011) (THE COURT: Has the pension plan been joined? MR. CUNEO: No. MR. FINGERETT: I don't even know if it's still in existence. And this trust I don't think is a legitimate entity. THE COURT: I don't think the court can make any orders without joinder of the pension plan and appearance by the pension plan. This is not property that, by the showing you've just given me, is owned by either one of these parties. MR. CUNEO: Before we get to the next hearing, we'll have them joined, Your Honor").

[22] *Id.*

[23] Claimaint's Notice of Appearance, ¶¶ 18-35.

[24] Motion at 9; Opposition at 11.

6

1   The court is hesitant to adopt O'Brien's suggestion that it characterize the Pension Plans
2   as third-party defendants. Rule 14 of the Federal Rules of Civil Procedure defines a third-party
3   defendant as a party that is served with a summons and complaint by the original defendant.
4   FED.R.CIV.PROC. 14(a)(1), (2). Exley never asserted claims or served a third-party complaint
5   on the Pension Plans. Rather, he served them with a joinder summons in order to allow the court
6   to "determin[e] the nature and extent" of Exley's and O'Brien's interest in the assets held by the
7   Pension Plans and appropriately distribute the assets between the two individuals.[25]

8   Even were the court to view the Pension Plans as third-party defendants, however, they
9   could not remove the action to this court. Although the Ninth Circuit has declined to address
10  whether third-party defendants are defendants for purposes of the removal statute, many district
11  courts in the circuit have followed the majority view and held "that the determination of who is
12  a defendant is determined by the original complaint, not subsequent third or fourth-party
13  complaints." *HVAC Sales, Inc. v. Zurich Am. Ins. Grp.*, No. C-04-03615 RMW, 2005 WL
14  2216950, *3 (N.D. Cal. July 25, 2005) (quoting *Schmidt v. Ass'n of Apartment Owners of Marco
15  Polo Condo.*, 780 F.Supp. 699, 702 (D. Haw. 1991) (internal quotation marks omitted)). See also
16  *Aramid Entm't B.V. v. Bontempo Holdings, LLC*, No. CV 10-9078 PA (FFMx), 2011 WL 71441,
17  *3 (C.D. Cal. Jan. 7, 2011); *Ciolino v. Ryan*, No. C03-1396 TEH, 2003 WL 21556959, *3,
18  (N.D. Cal. July 9, 2003); *Saeilo Machinery (USA), Inc. v. Hirdes Freight, Ltd.*, No. CV
19  00-00777 MMM (MANx), 2000 WL 1205338, *2 (C.D. Cal. Mar. 8, 2000). Under this view,
20  which the court adopts, the Pension Plans cannot remove the case as third-party defendants.

21  Finally, based on the majority view that a defendant is determined by reference to the
22  original complaint, the Pension Plans are not defendants because O'Brien did not name them in
23  her dissolution petition. Assuming they were defendants, however, they still would not be able
24  to seek removal based on their ERISA claims because counterclaims do not give rise to federal
25  jurisdiction. See *Stanislaus Farm Supply v. Brady*, No. 09–CV–0413 OWW DLB, 2009 WL
26  3748500, *2 (E.D. Cal. Nov. 5, 2009) ("A counterclaim cannot supply the basis for § 1331

---

28  [25]Removal, ¶ 5, Exh. 2 (Summons (Joinder)).

'arising under' jurisdiction and support removal to federal court," citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 n. 2 (2002)); *Cuna Mut. Life Ins. Co. v. Norwood*, No. CV 06-5353, 2006 WL 2189702, *1 (W.D. Wash. July 28, 2006) (stating that the claims alleged in the complaint, not defendant's counterclaims, govern the removability of a case). This is true even if the counterclaim is completely preempted by (or based on) federal law. *Stanislaus*, 2009 WL 3748500 at *2 (citing *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1273, 1276 (2008)); see also *B & S Welding LLC Work Related Injury Plan v. Oliva-Barron*, No. 3:10–cv–01491 M, 2011 WL 93064, *3 (N.D. Tex. Jan. 10, 2011) ("Defendants' counterclaims, even if completely pre-empted by ERISA, do not provide the basis for 'arising under' jurisdiction because no federal question appears on the face of the . . . complaint").

Allowing a counterclaim to establish federal jurisdiction would contravene several policies in that it would (1) permit a defendant to defeat a plaintiff's choice of forum merely by asserting a counterclaim, (2) expand the number of removable cases, and (3) undermine the clarity and simplicity of the well-pleaded complaint rule. *B & S Welding LLC Work Related Injury Plan*, 2011 WL 93064 at *3. Thus, even if deemed defendants, the Pension Plans cannot remove the action on the basis of a federal counterclaim.[26]

---

[26] The Pension Plans' argument that the court has exclusive jurisdiction to hear their the breach of fiduciary claims does not make their removal proper. See *Mike Nelson Co., Inc. v. Hathaway*, No. CV F 05-0208 AWI DLB, 2006 WL 3826736, *4 (E.D. Cal. Dec. 28, 2006) ("After [the Supreme Court's decision in] *Holmes Group*, other Courts have remanded cases where a defendant's counterclaim or a third-party complaint alleged claims that either would have otherwise created a federal question or alleged claims that were within the exclusive jurisdiction of the federal courts" (collecting cases)); *B & S Welding LLC Work Related Injury Plan*, 2011 WL 93064 at *3 ("Defendants' counterclaims . . . do not provide the basis for 'arising under' jurisdiction because no federal question appears on the face of the . . . complaint. This is true even if . . . Defendant's counterclaims are ERISA claims subject to the exclusive jurisdiction of federal courts"). The Pension Plans cite no authority for the proposition that their claims were compulsory cross-claims or counterclaims in the state court dissolution proceeding or that such a conclusion would affect the outcome of this motion. By filing the claims in state court, the Pension Plans affirmatively elected state court as their forum, and thus cannot remove the action. See *Acosta v. Direct Merchants Bank*, 207 F.Supp.2d 1129, 1132 (S.D. Cal. 2002) (holding that the filing of a cross-complaint in state court intentionally invoked the state court's jurisdiction and waived the right to remove to federal court).

     Furthermore, although 29 U.S.C. § 1132(e)(1) provides that the district courts shall have exclusive jurisdiction of civil actions brought by the Secretary, by a participant, beneficiary, or fiduciary of the ERISA plan, or by any person referenced in § 1021(f)(1), the plans themselves do not fall into any of these categories. Section 1132(d) allows an employee benefit or plan to sue or be sued, but the Pension Plans cite no provision of ERISA stating that only a federal court has jurisdiction to decide claims brought under ERISA by a plan against a trustee. See *International Longshore & Warehouse Union-Pacific Maritime Ass'n Welfare Plan Bd.*, No. C 11-01215 WHA, 2011 WL 4080054, *4 (N.D. Cal. Sept. 12, 2011) ("Section 502(a)(3) states that 'a participant, beneficiary, or fiduciary' has standing to enforce any ERISA provisions. Federal courts do not have jurisdiction to hear a civil action under ERISA that is brought by someone other than a 'participant, beneficiary, or fiduciary.' Because the plan does not fit within any of these categories, . . . subject matter [jurisdiction] does not exist"); see also *Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 983-84 (9th Cir. 1999) ("[A]n ERISA plan itself does not have standing to sue under § 502(a) of ERISA because it is not a plan participant, beneficiary or fiduciary. . . . Accordingly, subject matter [jurisdiction] does not exist under ERISA over this action"); *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 917 (9th Cir. 1997) ("[Defendant] is correct that the [ ] Plan itself does not have standing to sue under 29 U.S.C. § 1132(a), which limits eligibility for civil enforcement of ERISA to ERISA plan participants, beneficiaries, and fiduciaries, and the Secretary of Labor"); see also *U.A. Local No. 467 Pension Trust Fund v. Hydra Ventures Inc*, No. C-12-3746 EMC, 2013 WL 1007311, *4 (N.D. Cal. March 13, 2013) ("Section 1132(a)(3)(ii) of ERISA permits a 'participant, beneficiary, or fiduciary' to bring a civil action to enforce the terms of an ERISA-governed plan. Under this provision, a plan fiduciary is empowered to bring a civil enforcement action, but an ERISA plan itself is not"); *Minnesota Laborers Health and Welfare Fund v. Greenworks, Inc.*, No. Civ.03-888(PAM/RLE), 2003 WL 21488149, *2 (D. Minn. June 20, 2003) (agreeing with defendant's argument that "§ 1132(e)(1) gives the district courts 'exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. Greenworks argues that these provisions are clear: only the Secretary, participants, beneficiaries, or fiduciaries may bring suit. Because Plaintiffs here are all employee benefit plans and are admittedly not participants, beneficiaries, or fiduciaries of the plans, . . . this Court does not have jurisdiction over this action").

     Lastly, the court observes that while ERISA operates to preempt certain state laws that reference or relate to an employee benefit plan, *Aetna Health Inc. v. Davila* 542 U.S. 200, 208 (2004), and preemption is an exception to the well-pleaded complaint rule, *Holman v. Laul-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993), the Pension Plans do not argue that O'Brien's claims in the dissolution proceeding are preempted. Other courts addressing state laws regarding the distribution of plan assets in a dissolution proceeding have generally concluded that such laws are not preempted by ERISA. See, e.g., *Romero v. Magma Copper Co.*, 921 F.2d 281, 1990 WL 223042, *6 (9th Cir. Dec. 28, 1990) (Unpub. Disp.) ("ERISA does not in fact preempt state domestic and community property laws," citing *Carpenter Pension Trust v. Kronschabel*, 632 F.2d 745 (9th Cir. 1980)); *Marriage of Nasca v. PeopleSoft*, 87 F.Supp.2d 967, 973 (N.D. Cal. 1999) ("The common theme in cases that courts have declined to find subject to complete ERISA

### B. Request for Attorneys' Fees and Costs

O'Brien requests that the court award her attorneys' fees and costs of $38,125 that she contends she incurred in connection with the removal.[27] "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "There is no automatic entitlement to an attorney[s'] fees award on remand," however. William W. Schwarzer, A. Wallace Tashima, James M. Wagstaffe, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 2:3802, at 2D-244 (The Rutter Group 2012). Indeed, the Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Given that the Pension Plans asserted ERISA claims against O'Brien that under some circumstances would give rise to federal court jurisdiction, the court concludes that they had an objectively reasonable basis for removing under 28 U.S.C. § 1331. O'Brien proffers no argument to the contrary; she makes only a cursory reference to the fact that fee awards are authorized in

---

preemption is that they involve disputes as to the ultimate ownership of ERISA benefits, not their quality, nature or existence. . . . [Here,] [j]oinder of the plan is merely a precursor to the state court issuing a domestic relations order, whereby the state court will allocate the pension benefits according to state property and family law. Defendant does not, and cannot, point to any question of ERISA law raised by this allocation. . . . An interpretation of ERISA supporting removal to federal court would . . . needlessly complicat[e] the process by which a nonemployee spouse may obtain pension benefits"); *Carpenters Pension Trust for S. Cal. v. Kronschnabel*, 460 F.Supp. 978, 983 (C.D. Cal. 1978) ("[T]he court can sense no . . . compelling purpose to be served by preempting the operation of California's community property laws. . . . The field of domestic relations, including the dissolution of marriage and attendant division of property accumulated by the community, is peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts. . . . For this court to prevent the California courts from effectuating the state's community property laws in the absence of a clear message from Congress would be to undermine the principles of federal-state comity from which the preemption doctrine draws its authority in the first instance"). Accordingly, the fact that O'Brien seeks ownership of certain plan assets in the dissolution proceeding do not mean that her dissolution claim is preempted or that the court has subject matter jurisdiction to adjudicate that action.

[27]Motion at 11-12.

10

unusual circumstances.[28]  As she has failed to articulate why this action presents an unusual circumstance, the court concludes that an award of attorneys' fees and costs would not be appropriate.

### III. CONCLUSION

For the reasons stated, the court grants O'Brien's motion to remand the action for lack of subject matter jurisdiction. The court directs the clerk to return the action forthwith to Los Angeles Superior Court.

DATED: July 15, 2013

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

[28] *Id.* at 11.