# EXHIBIT "3"

# PART 2 OF 2

## THIRD CAUSE OF ACTION

(For Relief Based on Equitable Estoppel)

(Against All Defendants)

37. RAY hereby realleges and incorporates herein by this reference, as though set forth verbatim at this point, Paragraphs 1 through 25, inclusive, of this pleading.

38. At all relevant times until LOIS served her Disclosure, RAY believed that defendants had implemented and complied with the terms and conditions of the Agreement and RAY was unaware of any intention on the part of any defendant to proceed otherwise.

39. In reliance thereupon, RAY fully performed in accordance with his obligations under the Agreement. In doing so, (a) the items he treated as Common Property included but were not limited to money which would have been his separate property but for the Agreement and (b) in addition to so treating same, the parties expended such funds for the benefit of the community which RAY and LOIS comprised during the Cohabitation Period.

40. Thus, RAY seriously and detrimentally changed his position in reliance upon the Agreement and, to the best of RAY's knowledge until January 12, 2009, LOIS's conduct in conformity with the Agreement at all relevant times until January 12, 2009. As one result of this, at the time LOIS moved out of the Beverly Hills Home in June 2007, Common Property funds which had been held in RAY's name were largely depleted whereas Common Property funds which had been held in LOIS's name were largely intact. Said funds were held in the name of one or the other because they were retirement funds held in a form such that they could not be held jointly even though they were part of the Common Property.

41. RAY is informed and believes, and on information and belief alleges, that:

    A. Defendants, and each of them, at all relevant times, knew of the Agreement and all of its terms and acted in conformity therewith at all times until on or about January 12, 2009;

    B. Defendants, at all relevant times, (i) intended that their said conduct would be relied upon and acted upon by RAY and/or (ii) acted such that RAY had the right to believe that defendants' said conduct was so intended;

-9-

1  C. RAY, at all relevant times until January 12, 2009, was unaware that
2  defendants would breach the Agreement; and
3  D. RAY relied upon defendants' said conduct to his injury, as more fully set forth
4  hereinabove.
5  42. As a direct and proximate result of defendants' breach of the Agreement, RAY has
6  suffered an unconscionable injury and is entitled to compensatory damages in an amount according
7  to proof, together with interest thereon at the maximum rate permitted by law.

## FOURTH CAUSE OF ACTION

### (For Damages for Breach of the Covenant of Good Faith and Fair Dealing)
### (Against All Defendants)

43. RAY hereby realleges and incorporates herein by this reference, as though set forth verbatim at this point, Paragraphs 1 through 25, inclusive, of this pleading.

44. Defendants were aware, at all relevant times, that RAY had fulfilled all of his promises, duties, covenants, conditions and obligations under the Agreement.

45. Defendants breached the implied covenant of good faith and fair dealing contained in the Agreement by reason of LOIS's service of her Disclosure, which is inconsistent with and violative of the Common Property provisions of the Agreement.

46. As a direct and proximate result of defendants' breaches of the implied covenant of good faith and fair dealing contained in the Agreement, RAY has suffered damages in an amount according to proof, together with interest thereon at the maximum rate permitted by law.

## FIFTH CAUSE OF ACTION

### (For Imposition of Constructive Trust with Accounting)
### (Against All Defendants)

47. RAY hereby realleges and incorporates herein by this reference, as though set forth verbatim at this point, Paragraphs 1 through 25, inclusive, of this pleading.

///

48. By virtue of defendants' wrongful acts set forth hereinabove and RAY's rights under the Agreement, defendants hold (a) their interests in all Common Property, (b) all property hereinabove alleged to be part of the Common Property and (c) any and all property derived from any of the Common Property as constructive trustees for RAY's benefit in accordance with and under the terms of the Agreement.

49. In order to enforce that constructive trust, RAY needs, and he is entitled to, an accounting by defendants of all Common Property which has been within defendants' possession, custody or control at any time since the finality of the parties' divorce in 1978.

## SIXTH CAUSE OF ACTION

(For Declaratory Relief)

(Against All Defendants)

50. RAY hereby realleges and incorporates herein by this reference, as though set forth verbatim at this point, Paragraphs 1 through 25, inclusive, of this pleading.

51. An actual controversy has arisen and now exists between RAY and defendants concerning their respective rights, duties and obligations surrounding and pertaining to the Agreement and the property hereinabove alleged to constitute Common Property in that RAY contends he is entitled to possession of and title to one-half of all Common Property and of all property derived from any Common Property, whereas defendants dispute said contention and claim that RAY is not entitled to any portion of the Common Property which LOIS, in her Disclosure, characterized as her separate property, all of which is in fact part of the Common Property.

52. RAY desires a judicial determination of the parties' respective rights, duties and obligations in relation to the foregoing and a declaration that RAY is entitled to possession of and title to one-half of all Common Property and of all property derived from any Common Property, including but not limited to all property which LOIS, in her Disclosure, characterized as her separate property, all of which is in fact part of the Common Property.

///

///

-11-

C:\DATA\EXLEY\CivilAction\Pleadings\Complaint(4)101309.wpd

**COMPLAINT**

53. A judicial declaration in relation to the foregoing is necessary and appropriate at this time under the circumstances in order that RAY may ascertain his rights, duties and obligations under and with respect to the Agreement and the Common Property referred to hereinabove.

### SEVENTH CAUSE OF ACTION
### (For Damages for Breach of Fiduciary Duty)
### (Against All Defendants)

54. RAY hereby realleges and incorporates herein by this reference, as though set forth verbatim at this point, Paragraphs 1 through 25, inclusive, of this pleading.

55. The Agreement was entered into during the first marriage between RAY and LOIS, at which time they had, as between them, the usual fiduciary duties owed by a spouse to his or her spouse. Pursuant to the terms of the Agreement, those fiduciary duties continued to exist throughout the Cohabitation Period. Those fiduciary duties also have existed and continue to exist with equal force throughout the parties' second marriage, which continues to exist as this pleading is filed.

56. By reason of the facts, matters, events and circumstances set forth hereinabove, defendants have breached their aforementioned fiduciary duties to RAY. Plaintiff is informed and believes, and on information and belief alleges, that Defendants further breached their said duties by reason of LOIS's recent transfer of title to the Beverly Hills Home in violation of a restraining order issued in the Dissolution Case, pending at the time of said transfer and still pending as this pleading is filed.

57. As a direct, proximate and reasonably foreseeable result of defendants' said breaches, RAY has been damaged and hereafter will be further damaged, all in a sum which at present cannot be ascertained with exactitude, but which RAY is informed and believes, and on information and belief alleges, is in excess of the minimum general jurisdictional sum of the above-entitled Court. RAY therefore alleges said damages to be in an amount according to such proof as may be adduced by RAY hereafter in this action. RAY will seek leave of Court to amend this pleading to allege said sum at such time as it may become known to RAY with exactitude. RAY is entitled to interest on all damages, according to proof.

-12-

C:\DATA\EXLEY\CivilAction\Pleadings\Complaint(4)101309.wpd

**COMPLAINT**

58. RAY is informed and believes, and on information and belief alleges, that:

    A. Defendants, and each of them, in breaching their fiduciary duties as set forth hereinabove, acted with knowledge that their acts and conduct were improper and unlawful;

    B. Defendants, and each of them, in breaching their fiduciary duties as set forth hereinabove, acted intentionally, wrongfully, improperly, unlawfully, oppressively, fraudulently and maliciously in doing the things set forth hereinabove, with an oppressive, fraudulent, malicious, willful and deliberate intent to cause damage, detriment and injury to RAY for defendants' exclusive benefit, advantage and gain, including, but not limited to, improper financial gain;

    C. Defendants, and each of them, in acting as set forth hereinabove, acted despicably and with a willful and conscious disregard of the rights, interests and/or safety of RAY; and

    D. Defendants, and each of them, in acting as set forth hereinabove, engaged in despicable conduct which subjected RAY to cruel and unjust hardship in conscious disregard of RAY's rights, interests and/or safety.

RAY is entitled to recover from defendants, and each of them, in addition to all other sums, punitive and exemplary damages in an amount according to proof.

### EIGHTH CAUSE OF ACTION
#### (For Preliminary and Permanent Injunctions)
#### (Against All Defendants)

59. RAY hereby realleges and incorporates herein by this reference, as though set forth verbatim at this point, Paragraphs 1 through 25, inclusive, of this pleading.

60. RAY is informed and believes, and on information and belief alleges, that unless enjoined and restrained by the Court, defendants will conceal, waste, transfer, spend and/or otherwise exhaust the Common Property which remains within the possession, custody and/or control of defendants, and will do so in a manner detrimental to RAY and violative of the terms of the Agreement.

-13-

C:\DATA\EXLEY\CivilAction\Pleadings\Complaint(4)101309.wpd

**COMPLAINT**

61. In connection with any such misconduct by defendants, RAY has and shall have no adequate remedy at law because, among other things, damages will not suffice because much of the Common Property is (a) unique residential real property which was purchased for personal use and enjoyment and not for investment and (b) unique objects of art. RAY will be irreparably injured by any such wrongful conduct by defendants, or any of them.

62. Additionally, unless defendants are enjoined and restrained from committing such wrongful conduct, RAY may be compelled to initiate multiple legal actions against defendants and others, which would be inefficient from the perspective of RAY, the Court and all other persons and entities concerned. Such actions might be required, for example, to compel the return to the marital or cohabitational community of RAY and LOIS assets which are part of the Common Property.

63. For the reasons set forth hereinabove, RAY is entitled to a preliminary injunction and a permanent injunction, against each and all of defendants, the agents, employees, attorneys and other representatives of any or all of defendants, and any and all other persons and entities acting by, under, through, in conjunction with or in concert with any or all of defendants, enjoining and restraining all of said persons and entities, including, but not limited to, defendants, from concealing, wasting, transferring, spending or otherwise exhausting any of the Common Property or any property derived from any Common Property without either RAY's prior written consent or a Court Order.

WHEREFORE, RAY prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION, FOR DAMAGES FOR BREACH OF ORAL AGREEMENT, AS AGAINST ALL DEFENDANTS:**

1. For compensatory damages in an amount according to proof, together with interest thereon at the maximum rate permitted by law.

///
///
///
///

-14-

**ON THE SECOND CAUSE OF ACTION, FOR SPECIFIC PERFORMANCE OF ORAL AGREEMENT, AS AGAINST ALL DEFENDANTS:**

2. For a judgment compelling defendants, and each of them, to specifically perform the Agreement in accordance with its terms by, *inter alia*, treating the Beverly Hills Home as part of the Common Property and not further claiming that said property is the separate property of LOIS.

**ON THE THIRD CAUSE OF ACTION, FOR RELIEF BASED ON EQUITABLE ESTOPPEL, AS AGAINST ALL DEFENDANTS:**

3. For compensatory damages in an amount according to proof, together with interest thereon at the maximum rate permitted by law.

**ON THE FOURTH CAUSE OF ACTION, FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AS AGAINST ALL DEFENDANTS:**

4. For compensatory damages in an amount according to proof, together with interest thereon at the maximum rate permitted by law.

**ON THE FIFTH CAUSE OF ACTION, FOR CONSTRUCTIVE TRUST WITH ACCOUNTING, AS AGAINST ALL DEFENDANTS:**

5. For the imposition of a constructive trust upon that portion of the Common Property which has been or presently remains in the possession, custody or control of defendants, or any of them, and upon all property derived from any Common Property.

6. For an accounting by defendants of all Common Property which has been within defendants' possession, custody or control at any time since the finality of the parties' divorce in 1978.

///
///
///
///

-15-

C:\DATA\EXLEY\CivilAction\Pleadings\Complaint(4)101309.wpd

**COMPLAINT**

000021
B

**ON THE SIXTH CAUSE OF ACTION, FOR DECLARATORY RELIEF, AS AGAINST ALL DEFENDANTS:**

7. For a judicial determination of the parties' respective rights, duties and obligations in relation to the Common Property and a declaration that RAY is entitled to possession of and title to one-half of all Common Property and of all property derived from any Common Property, including but not limited to all property which LOIS, in her Disclosure, characterized as her separate property, all of which is in fact part of the Common Property.

**ON THE SEVENTH CAUSE OF ACTION, FOR DAMAGES FOR BREACH OF FIDUCIARY DUTY, AS AGAINST ALL DEFENDANTS:**

8. For compensatory damages in an amount according to proof, together with interest thereon at the maximum rate permitted by law.

9. For punitive and exemplary damages according to proof.

**ON THE EIGHTH CAUSE OF ACTION, FOR PRELIMINARY AND PERMANENT INJUNCTIONS, AS AGAINST ALL DEFENDANTS:**

10. For a preliminary injunction and a permanent injunction, against each and all of defendants, the agents, employees, attorneys and other representatives of any or all of defendants, and any and all other persons and entities acting by, under, through, in conjunction with or in concert with any or all of defendants, enjoining and restraining all of said persons and entities, including, but not limited to, defendants, from concealing, wasting, transferring, spending or otherwise exhausting any of the Common Property or any property derived from any Common Property without either RAY's prior written consent or a Court Order.

**ON ALL CAUSES OF ACTION, AS AGAINST ALL DEFENDANTS:**

11. For all costs of suit incurred by RAY in or in connection with this action.

12. For attorneys' fees, according to proof, if, when and to the extent available under the applicable law.

-16-

C:\DATA\EXLEY\CivilAction\Pleadings\Complaint(4)101309.wpd

**COMPLAINT**

13. For such other and further relief as the Court may deem just and proper.

DATED: October 13, 2009

Respectfully submitted,

EVAN B. SCHENKEL,
A Professional Corporation
and
LEWITT, HACKMAN, SHAPIRO,
MARSHALL & HARLAN, A Law Corporation

By *Evan B Schenkel*
EVAN B. SCHENKEL, ESQ.
or
BARRY T. HARLAN, ESQ.
or
VANESSA SOTO NELLIS, ESQ.,
Attorneys for Plaintiff RAY EXLEY, M.D.

-17-

C:\DATA\EXLEY\CivilAction\Pleadings\Complaint(4)101309.wpd

**COMPLAINT**